UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID JAY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-232 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. This case came before the Court on August 28, 2013, on Plaintiff's counsel's second Motion to Withdraw as Counsel [Doc. 18]. Assistant United States Attorney Loretta S. Harber appeared on behalf of the Commissioner. Plaintiff's retained counsel, Attorney Timothy Coode, appeared on behalf of the Plaintiff, who was also present.

By way of background, Attorney Coode filed his first Motion to Withdraw as Counsel [Doc. 16] on May 12, 2013. The Court denied the motion [Doc. 17] on May 14, 2013, for failure to comply with Local Rule 83.4(f). Attorney Coode filed a second Motion to Withdraw as Counsel [Doc. 18] on July 17, 2013, which is now pending before the Court. The Court conducted its first hearing for this motion on July 31, 2013. During that hearing, the Court reserved ruling on this motion in order to give Plaintiff additional time to determine how he wished to proceed with his case. The hearing was reset on August 28, 2013.

1

In his second Motion to Withdraw as Counsel, Mr. Coode cites an inability to reach an agreement with Plaintiff as to the proper course of action in this matter as grounds for withdrawal. Mr. Coode further requests that the Court allow Plaintiff 90 days to find substitute counsel. At the hearing, Mr. Coode reiterated to the Court that he believed he could no longer properly handle Plaintiff's case after reviewing the record. Mr. Coode also informed the Court that he has met with two other local attorneys as possible candidates for substitute counsel. The Court questioned Plaintiff who stated that he wished to continue pursuing his case at this time. Attorney Harber expressed no objection to Mr. Coode's request that Plaintiff be given an additional 90 days to find new counsel.

Pursuant to Local Rule 83.4(f), "An attorney who seeks to have his or her name removed as counsel of record shall file a motion so requesting." In addition, the Local Rule provides that "[t]he Court may refuse to allow an attorney to withdraw if doing such will delay the trial or for other good reason." E.D. TN. LR 83.4(f). An attorney who wants to withdraw must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time and place of the hearing and (ii) that the client has a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

2

E.D. TN. LR 83.4(f).

The Court finds Mr. Coode's motion meets the requirements for withdrawal as proscribed by the Local Rule. Accordingly, Mr. Coode's second Motion to Withdraw as Counsel [**Doc. 18**] is **GRANTED** and Mr. Coode is relieved as counsel of record for this case. Mr. Coode is instructed to continue assisting Plaintiff in securing new counsel. In the event that new counsel is hired, Mr. Coode is directed to turn over Plaintiff's file to new counsel. The Court further finds that an additional 90-day period is appropriate in order for Plaintiff to find and meet with new counsel. Therefore, Plaintiff has until **November 26, 2013**, to find new counsel and file with the Court a status report on his case. If Plaintiff has hired new counsel, new counsel will be responsible for filing the status report. If Plaintiff has not hired new counsel, Plaintiff will be responsible for filing the status report *pro se* and must include in the report whether he wishes to proceed with his case *pro se* or whether he wants to pursue his case at all.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge